(25 Misc. Rep. 720.)

### MOORE v. RIVERSIDE BANK.

(Supreme Court, Appellate Term.   January 23, 1899.)

BANKS AND BANKING—TITLE TO CHECKS DEPOSITED.
     A check deposited with a bank by a customer, and credited in her ac-
   count, in her pass book, thereupon became the property of such bank, and
   for the amount thereof it became indebted to her, where the evidence of-
   fered for the purpose of showing that it had not been received and cred-
   ited as money was conflicting.

Appeal from municipal court, borough of Manhattan, Tenth dis-
trict.

Action by Etta E. Moore against the Riverside Bank.   From a
judgment rendered in favor of plaintiff, defendant appeals.   Af-
firmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-
GERICH, JJ.

Lyman L. Settle, for appellant.
Percival S. Menken, for respondent.

BEEKMAN, P. J.   The plaintiff, having an account with the de-
fendant, deposited with the bank a certified check, which was re-
ceived by it, and credit given to the plaintiff therefor in her pass
book.   In the course of transmission to the bank on which it was
drawn, the check was lost; and the defendant, taking the position
that it was the property of the depositor, and not of the bank, re-
fused to recognize the credit which it had given the plaintiff there-
for when the deposit was made.   The plaintiff accordingly brought
this action for the recovery of the amount of the bank's indebted-
ness to her, and judgment was awarded in her favor.

The law is well established in this state that upon a deposit be-
ing made by a customer in a bank, in the ordinary course of busi-
ness, of money or of drafts or checks received and credited as
money, such money, drafts, or checks become the property of the
bank in absolute ownership.   Bank v. Loyd, 90 N. Y. 530; Cragie
v. Hadley, 99 N. Y. 131, 1 N. E. 537; People v. St. Nicholas Bank,
77 Hun, 159, 164, 178, 28 N. Y. Supp. 407.   The rule, under certain
conditions, is subject to qualification, to which, however, it is un-
necessary to refer, as such conditions do not exist here.   There was
some evidence offered in the case tending to show that the check
in question was not received by the bank, and credited as money;

but there was a conflict upon this point, and in this regard, as well as in all other cases where there was any issue of fact, the question must be held to have been resolved by the trial justice in favor of the plaintiff, to whom judgment has been awarded. The case therefore is one which comes directly under the rule of law above stated. When the check in question was deposited, it became the property of the bank; and the latter thereupon became indebted to the plaintiff for its amount, and the recovery of the check and the sum due thereon was a matter of concern to the defendant alone. The acts of the plaintiff in facilitating the efforts of the bank in that regard were gratuitous, and cannot be used to her disadvantage. The judgment was right, and should be affirmed.

Judgment affirmed, with costs. All concur.