## WALTON v. RIVERSIDE BANK.

(City Court of New York, General Term. · June 29, 1899.)

BANKS AND BANKING—DEPOSIT OF CHECKS—LIABILITY OF BANK.

Where a customer, in the ordinary course of business, deposits a check in a bank, which is received and credited as money, such check becomes the property of the bank, the relation of debtor and creditor is established, and the depositor may sue the bank for its indebtedness to him in an action on contract.

Appeal from trial term.

Action by Arthur H. Walton against the Riverside Bank. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before SCHUCHMAN and HASCALL, JJ.

Lyman Lewis Settel, for appellant.
Wallach & Cook, for respondent.

SCHUCHMAN, J.   The plaintiff, having a deposit account in the defendant bank, deposited with it, on September 30, 1890, with other checks, a check of $175, drawn by one Frank J. Kimball on the Hackensack Bank of New Jersey, to the order of plaintiff, for which credit was given plaintiff in his pass book.   The check was lost by the defendant.   It was admitted on the trial that, if the check had been presented in due course at the Hackensack Bank of New Jersey, it would have been honored, as the drawer had, at that time and within reasonable time thereafter, sufficient funds in the bank to meet the check.   On November 24, 1890, defendant informed plaintiff of the loss of the check, and that his account had been charged back with $175; and when his bank book was returned to him balanced, with the vouchers, one of them was a memorandum bearing date November 24, 1890, to that effect.   The plaintiff brought his action on contract to recover the said sum of $175.   The rule of law is:

"Whenever a deposit is made by a customer in a bank, in the ordinary course of business, of money or drafts, or checks received and credited as money, such money, drafts, or checks become the property of the bank in absolute ownership.   Thereby the relation of creditor and debtor is established, and the depositor can sue the depositary for the amount of its indebtedness to him in an action on contract."   Moore v. Bank, 25 Misc. Rep. 720, 55 N. Y. Supp. 615, and cases therein collated.

The conflict as to whether the check was deposited in the ordinary course of business, or under a special agreement, was properly submitted to the jury, and its conclusion thereon is final.   The bank deprived the plaintiff of his money ever since November 24, 1890, when it took the $175 off his account, and is therefore properly chargeable with interest from that time.

Judgment and order appealed from affirmed, with costs.

HASCALL, J., concurs.