WELLS v. CARO.

(Supreme Court, Appellate Term. November 10, 1911.)

1. PLEADING (§ 327*)—BILL OF PARTICULARS—CONFLICT WITH PRIOR PLEAD-ING.

So far as a bill of particulars contradicts the pleading which it is intended to amplify, it should be disregarded.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 327.*]

2. LANDLORD AND TENANT (§ 190*)—PARTIAL EVICTION OF TENANT.

To support a plea of partial eviction as a defense to an action for rent, it is unnecessary that the lease contained a covenant of quiet enjoyment; such covenant being implied.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 765–769; Dec. Dig. § 190.*]

3. LANDLORD AND TENANT (§ 190*)—PARTIAL EVICTION OF TENANT.

To sustain a plea of partial eviction as a defense to an action for rent, it was unnecessary that the tenant vacate the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 765–769; Dec. Dig. § 190.*]

·Appeal from City Court of New York, Trial Term.

Action by Oliver J. Wells against Lillye Caro. From a judgment for plaintiff, and from an order refusing a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and COHALAN, JJ.

Maurice B. & Daniel W. Blumenthal (Daniel W. Blumenthal, of counsel), for appellant.

Wells & Snedeker (H. H. Snedeker, of counsel), for respondent.

SEABURY, J. This is an action on a written lease to recover rent. The defendant pleaded an actual partial eviction. During the

term of the lease the landlord reconstructed the building in such manner that the defendant was deprived of the usual method of ingress and egress. The use of the elevator was discontinued. The defendant also attempted to prove that the stairway leading to the demised premises was removed. The evidence on behalf of the defendant was limited to a very narrow scope by the adverse rulings of the learned trial court. The request of the defendant to go to the jury upon the issue of eviction was denied, and the court directed a verdict in favor of the plaintiff.

There seem to have been three reasons why the court directed a. verdict for the plaintiff: (1) That the bill of particulars alleged that the defendant had been evicted from the entire premises; (2) that the lease did not contain a covenant of quiet enjoyment; and (3) that the defendant did not remove from the premises. None of these reasons. justified a decision adverse to. the defendant.

[1] The purpose of a bill of particulars is to amplify the pleading, not to contradict it. When a clause in a bill of particulars is contradictory of the allegation of the pleading which it is intended to amplify, it should be disregarded. Certainly it cannot be held to prevail over the allegation of the pleading. Apart from this consideration, which assumes that the court below was correct in regarding the bill of particulars as contradictory of the pleading, we think that it merely intended to state, not that the defendant had been deprived of the whole of the premises demised, but that by being deprived of a substantial part of the premises the beneficial use of the whole of the premises was affected.

[2] It is not necessary, in order to support the plea of eviction, that the lease should have contained a covenant of quiet enjoyment. This covenant, for the purpose of permitting proof of an actual partial eviction, is implied.

[3] Nor was it necessary for the defendant to have vacated the premises in order to sustain this plea. We think that the record shows that the court below confused the rules applicable to constructive eviction with those applicable to an actual partial eviction. These distinctions are fully discussed in Jackson v. Paterno, 58 Misc. Rep. 201, 108 N. Y. Supp. 1073, affirmed 128 App. Div. 474, 112 N. Y. Supp. 924, and it is not necessary to enter into a further discussion of them in this place.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.