Eliza Heinrich, as Executrix of Jacob Heinrich, Deceased, Respondent, *v.* First National Bank of Middletown, New York, Appellant.

*Bills, notes and checks — banking — loss of checks payable to and indorsed by customer of bank and credited to his account — payment of promissory notes made by such customer and payable at said bank before the checks deposited had been collected — neglect of bank to have such checks duplicated or paid until after makers thereof had become insolvent — bank in which such checks were deposited must suffer the loss, not the customer who deposited them.*

On April 21 and 22, 1912, two checks drawn to the order of a customer of the defendant and indorsed without restriction by the payee, were received by the defendant and credited to the customer's account. Promissory notes for like amounts had been drawn by the depositor and made payable at defendant's bank. It marked the notes paid, canceled them with a perforating stamp, and debited the customer on its books with the amount of the payment. But the checks which had supplied the requisite credits had not yet been collected. The defendant mailed them on April 23d to its correspondent for presentation to a bank on which they were drawn. The checks, though mailed, were not received. Although their loss became known to the defendant on May 3d, 1912, it waited till May 8th, and then gave notice to its depositor and requested him to procure duplicate checks from the makers, inclosing a letter to be forwarded to the makers for that pur-

1

pose. On May 15th the makers wrote that they had stopped payment of the checks, and that, on learning from their bank that the checks had not come in, they would sign and forward duplicates. They did not keep their promise. The defendant made no attempt to enforce payment. Its officers told the depositor that he would have to get duplicate checks, but beyond that they did nothing. He promised to use his efforts to save the defendant from loss, but did not promise, if the efforts failed, to bear the loss himself. On June 5, 1912, the makers of the checks became bankrupt. Up to that time their bank account had been sufficient to enable the checks, if presented, to be paid. The defendant, on learning of the bankruptcy, charged the checks against the account of its depositor. The question now is whether the bank or the depositor is to bear the loss. *Held*, that the defendant did not hold the checks as agent for collection but as owner and must bear the loss.

*Heinrich* v. *First Nat. Bank*, 164 App. Div. 960, affirmed.

(Argued June 8, 1916; decided July 11, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 10, 1914, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Bright*, *Thomas Watts* and *Elbert N. Oakes* for appellant. Hagen was a debtor of the defendant on June 6, 1912, to the extent of $3,000, and the charging of that indebtedness against the interest account was right. (*Kummel* v. *G. S. Bank*, 127 N. Y. 488; *Central Trust Co.* v. *West India Improvement Co.*, 169 N. Y. 314; *Marsh* v. *Oneida Central Bank*, 34 Barb. 298; *Tufts* v. *People's Bank & Trust Co.*, 59 N. J. L. 380; *Matter of Franklin Bank*, 1 Paige, 249; *Pattison* v. *Syracuse Nat. Bank*, 80 N. Y. 82; *Meyers* v. *N. Y. Co. Nat. Bank*, 36 App. Div. 482; *People* v. *St. Nicholas Bank*, 44 App. Div. 313; *Delahunty* v. *Central Nat. Bank*, 63 App. Div. 177; *Wilcox* v. *Nat. S. & L. Bank*, 67 App. Div. 466; *Davison* v. *State Bank*, 57 N. Y. 81.) Neither the cred-

iting of the checks of Smith & Co. to Hagen's account nor any of the bank's actions with respect thereto relieved Hagen from liability upon his notes. (*Allen* v. *F. Nat. Bank,* 5 J. & S. 137; 59 N. Y. 12; *Oddie* v. *Nat. City Bank,* 45 N. Y. 737; *Stein* v. *E. T. Co.,* 148 App. Div. 850; *Balbach* v. *Frelinghuysen,* 15 Fed. Rep. 675; *Drovers' Nat. Bank* v. *Anglo-American P. & P. Co.,* 117 Ill. 100; *Merchants' Nat. Bank* v. *Goodman,* 109 Penn. St. 422; *First Nat. Bank* v. *Fourth Nat. Bank,* 56 Fed. Rep. 967.)

*Abram F. Servin* and *Roslyn M. Cox* for respondent. The notes were paid, canceled and extinguished as obligations in April, 1912, and the defendant thereafter had no right to charge them to Hagen's special account; Hagen's liability, if any, was solely as indorser of the checks of Smith & Co. This liability defendant has not pleaded, and had it done so it would have been defeated by its own negligence. (*Brighton* v. *Claflin Co.,* 180 N. Y. 76; *Farmers' L. & T. Co.* v. *Siefke,* 144 N. Y. 354; *Cragie* v. *Hadley,* 99 N. Y. 131; *Jaffe* v. *Wells,* 155 App. Div. 110; *Lyons* v. *Union Ex. Bank,* 150 App. Div. 493; *Shipsey* v. *B. Nat. Bank,* 59 N. Y. 485; Code Civ. Pro. § 1817; *Jack* v. *Darrin,* 3 E. D. Smith, 548; *Clinton Bank* v. *Stiger,* 67 N. J. Eq. 522; *Barclay* v. *Lehigh Coal Co.,* 32 Penn. Sup. 214; *First Nat. Bank* v. *McConnough,* 103 Minn. 340.)

CARDOZO, J. In April, 1912, the plaintiff's assignor, Charles Hagen, was a customer of the defendant, the First National Bank of Middletown, New York. He had two accounts, one a general account, in which the deposits were subject to payment by check, and the other an account in the "Interest Department," in which deposits drew interest, and were subject to rules similar to those that are common in savings banks. On April 21 and 22, 1912, two checks, one for $1,001 and the other for $2,002, in all $3,003, drawn by Gouverneur E. Smith

& Company to the order of Charles Hagen, and indorsed without restriction by the payee, were received by the defendant and credited to the customer's general account. Promissory notes for like amounts had been drawn by Hagen and made payable at defendant's bank. On April 23 the notes were presented for payment. The defendant did not own them. It received them from other banks for collection. Through the credit of the two checks the account was provided with the requisite funds, and the defendant applied the deposit to the discharge of the notes. It marked the notes paid, canceled them with a perforating stamp, and debited the depositor on its books with the amount of the payment. This it had the right to do. A depositor who makes a note payable at a bank, by implication authorizes the bank to pay the note and charge it to his account (Negotiable Instruments Law, § 147; *Ætna Nat. Bank* v. *Fourth Nat. Bank*, 46 N. Y. 82, 88; *Baldwin's Bank of Penn Yan* v. *Smith*, 215 N. Y. 76, 80). But the checks which had supplied the requisite credits had not yet been collected. The defendant mailed them on April 23, 1912, to its correspondent, the Market Street National Bank of Philadelphia, Pa., for presentation to a bank in Riverhead, Long Island, on which they were drawn. The checks, though mailed, were not received. The envelope containing them was mislaid through the negligence of employees of the post-office. About ten months later, in February, 1913, it was found behind a radiator in the post-office in Philadelphia.

The loss of the checks became known to the defendant on May 3, 1912. It waited till May 8, and then gave notice to its depositor. It requested him to procure duplicate checks from Gouverneur E. Smith & Company, the makers, and inclosed a letter to be forwarded to the makers for that purpose. On May 15 Gouverneur E. Smith & Company wrote that they had stopped payment of the checks, and that, on learning from their bank that

the checks had not come in, they would sign and forward duplicates. They did not keep their promise. The defendant made no attempt to enforce payment. Its officers told Hagen two or three times that he would have to get duplicate checks, but beyond that they did nothing. They say they also told him, and in effect with his assent, that in default of duplicates, they would charge the checks back to his account, but this he denies. Since a motion for the direction of a verdict was made by both sides, we must accept as true the evidence most favorable to the plaintiff. He promised to use his efforts to save the defendant from loss. He did not promise, if the efforts failed, to bear the loss himself (*Aebi* v. *Bank of Evansville*, 124 Wis. 73, 79).

On June 5, 1912, the makers of the checks became bankrupt. Up to that time their bank account had been sufficient to enable the checks, if presented, to be paid. The defendant, on learning of the bankruptcy, charged the checks against the interest account of its depositor. It selected the interest account rather than the general account, because the latter had been reduced by drafts. Hagen, when notified of the charge, made prompt protest that it was unauthorized. The question now is whether the bank or the depositor is to bear the loss.

We think the loss has been rightly cast upon the bank. The checks were credited as money, and were indorsed by the payee without restriction. The defendant did not hold them as a mere agent for collection. It held them as owner (*Cragie* v. *Hadley*, 99 N. Y. 131; *Met. Nat. Bank of N. Y.* v. *Loyd*, 90 N. Y. 530; *Burton* v. *U. S.*, 196 U. S. 283, 302, 304; *Taft* v. *Quinsigamond Nat. Bank*, 172 Mass. 363). In transmitting them for collection, it was acting in its own behalf, and not in behalf of its depositor. It adopted the post-office as one of the agencies for transmission; and through the negligence of the post-office, the checks were lost. The consequences of that negligence are not to be

visited on the depositor any more than if the loss had occurred through the negligence of a messenger (*Ayrault v. Pacific Bank,* 47 N. Y. 570; *St. Nicholas Bank* v. *State Nat. Bank,* 128 N. Y. 26; *Moore* v. *Riverside Bank,* [App. Term] 25 Misc. Rep. 720; *Aebi* v. *Bank of Evansville, supra*). The case last cited discloses a situation identical in all essentials with the case at hand.

The defendant argues that there is evidence of a course of dealing by which the checks, if presented and dishonored, could, after due notice to the indorser of non-payment, have been charged back to his account. That would have been the bank's right irrespective of any custom. The dishonor of the check after presentation to the makers, would have permitted the defendant, upon due notice, to charge its depositor as an indorser (*Aebi* v. *Bank of Evansville, supra; Burton* v. *U. S., supra,* at p. 304; *Taft* v. *Quinsigamond Nat. Bank, supra*). But neither the custom nor the rule of law is applicable to the situation now before us. The checks were not dishonored. They remained good for six weeks after they were credited to the plaintiff. There was no attempt to collect them as lost paper (Neg. Inst. Law, § 268; Code Civ. Pro. § 1917; *Shipsey* v. *Bowery Nat. Bank,* 59 N. Y. 485, 491; *Aebi* v. *Bank of Evansville, supra,* at p. 78). There was neither demand upon the makers for payment nor notice to the indorser of non-payment It is not because the checks were worthless that the defendant has suffered loss. The fact is that they were not worthless. If presented with reasonable diligence, they would have been paid. The defendant has suffered loss because checks which it was collecting in its own behalf, as owner and not as agent, miscarried in the mails, and because after notice of the mishap, it slept upon its rights.

The judgment should be affirmed with costs.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN and SEABURY, JJ., concur.

Judgment affirmed.