A. SIDNEY DAVISON COAL CO., INC., Respondent, *v.* THE NATIONAL PARK BANK OF NEW YORK, Appellant.

First Department, May 19, 1922.

Banks and banking — action to recover deposit — payment by bank of draft accepted by depositor — when notice to stop payment not sufficient.

In an action to recover a deposit in a bank predicated on the payment by the bank of a draft or trade acceptance after the plaintiff had directed the bank to stop payment thereon, the plaintiff cannot succeed, where it appears that the written notice to the bank to stop payment did not specify the date of the draft or the date of its acceptance, or the exact amount of the draft, though it did specify the date that it would be presented and the person in whose favor it was drawn, for said notice was not sufficient to require the defendant to refrain from paying the draft.

Furthermore, a verbal notice which the plaintiff alleged that it gave to the defendant to stop payment on the draft was not sufficient where it was not shown that the notice, which was given on the same day that the draft was presented, was given a sufficient time prior to the payment of the draft to have enabled the defendant in the exercise of reasonable diligence to stop payment thereof.

APPEAL by the defendant, The National Park Bank of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of February, 1922, denying its motion for judgment on the pleadings, consisting of the complaint, answer and amended reply, and on the bill of particulars of plaintiff's defense to the defendant's counterclaim and a stipulation with respect to the status of plaintiff's deposit account with defendant.

*Edwin V. Guinan* of counsel [*Louis F. Doyle* with him on the brief], for the appellant.

*Jacob M. Kram* of counsel, for the respondent.

LAUGHLIN, J.:

The plaintiff had a deposit account with the defendant, and on the 5th of October, 1921, defendant paid and charged thereto a trade acceptance or draft, payable that day, for $17,000, drawn by the Reilly-Peabody Fuel Company of Pittsburgh, Penn., on or about the 5th of July, 1921, on plaintiff, and duly accepted by it, payable at the bank of the defendant. The plaintiff, claiming to have notified the defendant not to pay the draft, brought this action to recover the balance of its account as the same would have been if that item had not been charged thereto. The defendant pleaded as a counterclaim the acceptance by the plaintiff of the

draft payable at the bank and payment thereof as authorized and directed by plaintiff's acceptance, and also the payment of checks drawn by plaintiff by which its account was overdrawn, and demanded judgment for the amount of the overdrafts. In the amended reply the plaintiff admitted that it accepted the draft and thereby directed the defendant to pay the same, but alleged that prior to the date of payment the plaintiff canceled the direction for payment thereof and directed the defendant not to pay the same and stopped payment thereof, and defendant received and accepted said direction, but nevertheless thereafter made the payment. The plaintiff by its bill of particulars shows that its direction to defendant not to pay the draft was both in writing and oral; that the written direction was contained in a letter under date of October 3, 1921, directed to " Paying Teller, National Park Bank," stating that there would be presented for payment on Wednesday, the fifth instant, " a trade acceptance amounting to $15,000 payable to Reilly-Peabody Fuel Co., Pittsburgh, Pa.," and requesting that it be not paid but that it be returned; and with respect to the oral direction the bill of particulars shows " That thereafter, and on October 5th, 1921, the plaintiff notified the defendant verbally, through its paying teller, whose name is unknown to the defendant (*sic*), that the amount of the trade acceptance referred to in plaintiff's letter to the defendant, dated October 3d, 1921, as aforesaid, should be Seventeen thousand ($17,000) Dollars instead of Fifteen thousand ($15,000) Dollars."

The acceptance by plaintiff of the draft payable at its bank was equivalent to a direction by it to defendant to pay it for plaintiff's account. (Neg. Inst. Law, § 147; *Heinrich* v. *First National Bank*, 219 N. Y. 1, 4.) We are of opinion that the letter did not constitute a sufficient notice to require the defendant to refrain from paying the draft. It will be observed that the letter does not give the date of the trade acceptance or the date of the acceptance thereof, and although it notified the defendant that it would be presented for payment on the fifth of October, it specified the amount as $2,000 less than the amount of the draft or trade acceptance actually presented to and paid by the defendant on that day. The defendant was under no obligation to suspend the payment of the draft and to communicate with the plaintiff to ascertain whether or not it was the draft plaintiff wished it to dishonor, for the due transaction of its business entitled it to receive accurate information, with respect to a negotiable instrument on which it was called upon to stop payment, to enable its paying teller to act at once when the draft should be presented; and it was warranted in assuming that the draft it paid was not

the draft which the plaintiff desired it to dishonor. Had a draft corresponding to the description contained in the letter been presented to the defendant later in the day, it might have been liable to the plaintiff in damages if it had dishonored the draft for the larger amount.

I am also of opinion that the verbal notice was insufficient, for the reason that the bill of particulars, which may be considered on such a motion (*Dineen* v. *May*, 149 App. Div. 469, 471), shows that it was not given, as pleaded, prior to the fifth of October, but on that day, which was the day on which the draft was payable and was paid, and it neither appears by the reply nor by the bill of particulars, which, however, would not have sufficed (*Wells* v. *Caro*, 74 Misc. Rep. 87), that the verbal notice was given prior to the payment of the draft or a sufficient time prior thereto to have enabled the defendant in the exercise of reasonable diligence to stop payment of the draft. The defendant's motion for judgment on the pleadings, therefore, should have been granted, but the plaintiff should have been afforded an opportunity, if so advised, to amend its reply by pleading that the notice countermanding the payment of the draft was given to the defendant a sufficient time prior to its payment of the draft to have enabled it in the exercise of reasonable diligence to stop payment thereof.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, unless within twenty days the plaintiff shall pay the costs and obtain leave to serve, and shall serve, an amended reply alleging that the notice to stop payment was given a sufficient length of time before defendant paid the draft to have enabled it in the exercise of reasonable diligence to stop payment thereof, and in that event the motion will be deemed denied, without costs.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, unless plaintiff complies with conditions stated in opinion, and in that event the motion will be deemed denied, without costs.