LEONORE C. SCHWARTZ, Respondent, *v.* FIRST TRUST AND DEPOSIT COMPANY, Appellant.

Fourth Department, March 13, 1935.

*Maurice F. Lane*, for the appellant.
*Isaac M. Levinson*, for the respondent.

PER CURIAM. We shall assume as the trial court found that all the money in the joint account under the names of Nathan Schwartz or his daughter, the plaintiff, was deposited by plaintiff and was her money before deposit. The joint tenancy created by the deposit as made (Banking Law, § 198), while rebuttable so long as plaintiff and Nathan Schwartz were both alive (*Moskowitz* v. *Marrow*, 251 N. Y. 380), was never called into question by plaintiff before defendant applied the funds upon the note of Nathan Schwartz, either by a " notice [to the bank] in writing signed by any one of such joint tenants " (Banking Law, § 198) or in any other manner. The bank was protected in the absence of written notice that it was " not to pay such deposit in accordance with the terms thereof " (Banking Law, § 198). (*Moskowitz* v. *Marrow*, *supra*, 399.) The note in the defendant bank on January 13, 1933, became equivalent to a check (*Heinrich* v. *First National Bank*, 219 N. Y. 1) and was a sufficient " receipt or acquittance " from Nathan Schwartz and a " sufficient release and discharge to said company " (defendant). (Banking Law, § 198.)

All concur. Present — TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment reversed on the law and a new trial granted, with costs in all courts to the appellant to abide the event.