CRAINE, INC., Respondent, *v.* EMMONS E. ANDERSON, Appellant.

Third Department, January 8, 1936.

*Crosby & Edson* [*C. R. Crosby* of counsel], for the appellant.

*Hubert L. Brown*, for the respondent.

RHODES, J. The action is brought to recover the purchase price of a silo sold by the plaintiff to the defendant. The defense is payment.

The sale in question was evidenced by a conditional sales agreement entered into between the plaintiff and the defendant upon a form prepared by plaintiff, by which plaintiff agreed to sell to the defendant f. o. b. factory, the silo in question. Among the terms, were the following:

" Net cash on arrival.

" Shipment will be made on order bill of lading with either sight draft or settlement papers attached. * * *

" Send papers to Conewango Valley National Bank; Address, Conewango Valley, N. Y."

The court below found: " That the phrase ' Papers be sent to Conewango Valley National Bank ' meant and was intended to mean that when the silo was shipped to defendant an endorsed bill of lading with sight draft attached would be sent by plaintiff to such bank and defendant would go to the bank and pay the bank the amount of the draft, and the bank would then release the bill of lading so that defendant could get silo from the R. R. Co."

The court further found: " That silo was shipped by plaintiff to defendant on or about February 18, 1933, and letter was written to and mailed to defendant on or about said 18th day of February, 1933, advising defendant of such shipment and directing defendant to go to such bank and pay said draft."

The letter of the plaintiff to the defendant above referred to contained the following: "According to the terms of your contract, settlement of this invoice is to be net cash upon the arrival of the material. We are, therefore, forwarding an endorsed Bill of Lading with the Sight Draft attached to the Conewango Valley National Bank, Conewango Valley, New York. Upon receiving notice from the bank of the arrival of the papers, if you will kindly go there and pay the Sight Draft, the bank will release the Bill of Lading. This will enable you to secure your shipment from the Railroad Company."

There is also the finding: " That at about the time of the shipment the plaintiff forwarded to the Conewango Valley National Bank a sight draft upon the defendant with endorsed bill of lading attached, said bank having been designated in said written contract as the bank to which said draft and bill of lading should be sent, the letter of transmittal directing the bank to deliver the bill of lading upon payment of the draft and remit the proceeds."

Pursuant to the instructions contained in said letter, the defendant went to the bank where he had and continued to keep on deposit more than sufficient to pay the amount of said draft and drew a check thereon, payable to said bank for the amount of the draft.

Upon receiving defendant's check the bank stamped the draft as paid, and delivered it with the bill of lading to the defendant, who thereupon went to the railroad station and received the silo.

After receiving defendant's check, the bank held it and did not charge it upon the books to his account; neither did the bank in any manner remit or attempt to remit the amount of the draft as directed. Shortly thereafter the bank holiday was declared by presidential proclamation, the bank ceased to do business and was not reopened; a conservator was appointed, who was succeeded by a receiver; the assets of the bank, together with those of another bank in the vicinity, were acquired by a reorganized institution.

The learned court below correctly stated that the question here is whether the bank acted as agent for the plaintiff, and whether delivery to it of a check that was perfectly good upon an account in such bank, relieved the defendant from all further liability.

The defendant requested the court to hold, as a conclusion of law, " That by the terms of said contract the plaintiff made and constituted said Conewango Valley National Bank its agent to collect said draft." This request was refused.

Beyond question, the instructions to the bank were given by plaintiff in connection with and in furtherance of plaintiff's business, which is but another way of saying that the bank was acting by command of plaintiff in connection with and in furtherance of plaintiff's business; therefore, the bank was acting as plaintiff's agent.

Section 147 of the Negotiable Instruments Law declares that " Where the instrument is made payable at a bank it is equivalent to an order to the bank to pay the same for the account of the principal debtor thereon."

It follows that the transaction between the bank and defendant constituted payment of the draft, and the bank, as plaintiff's agent, having received defendant's check as payment, the plaintiff is bound thereby; hence the claim sued upon herein has been paid and discharged. (*Baldwin's Bank* v. *Smith*, 215 N. Y. 76.) (See, also, *Heinrich* v. *First National Bank*, 219 N. Y. 1; *Davison Coal Co., Inc.*, v. *National Park Bank*, 201 App. Div. 309; *Jones* v. *Board of Education, Town of Pelham*, 242 id. 17.)

The judgment should, therefore, be reversed on the law and the facts, with costs, and the complaint dismissed, with costs.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment reversed on the law and the facts, with costs, and complaint dismissed, with costs.

The court makes the finding of fact and finds as a conclusion of law that by the terms of the contract between plaintiff and defendant, the plaintiff made and constituted said Conewango Valley National Bank its agent to collect the draft in question; that the same has been paid, and that there is no sum due plaintiff from defendant on its claim herein. The court disapproves of the conclusions of law contained in the decision to the effect that the plaintiff is entitled to a judgment against the defendant, with costs.