"It would seem that the adoption of this rule would amount to the admission of its logical sequence that the status of a foreigner should determine his status here, and, if he was single, married, or divorced in another country, his status should remain the same here. (no question arising as to fraud or lack of domicile). The difficulty appears to be that a divorce, although it creates a new status, is dependent in some cases upon a decree, and our courts are tempted to refuse to consider a decree as operative if, for technical reasons, the decree was rendered in violation of our rules of jurisdiction. Thus if the divorce in question is by permission of a church, or is a divorce at will, according to the customs of a race or tribe of a semicivilized people, the divorce is accepted as valid, if valid in the country where the divorce became operative. The case is not materially different where the status of the foreigner is created by a decree, except that his status is a matter of record. If comity is extended to one, it should be to the other, for the difference is not one of status, but of record proof of status. The conclusion is certain that if, through comity and for the security of property rights, we recognize foreign marriages, we must also recognize the status of divorced foreigners, and determine the validity of such divorces by the law of the place where they were granted. The status of a divorced foreigner is not determined by the validity of the divorce in the country where it was determined, but the American rule appears to be that a foreign divorce is valid if regularly obtained according to the jurisprudence of the country where the marriage was celebrated and the parties are domiciled. The regularity of the proceedings is determined by the law of the country; but the jurisdiction of the court and consequently the domicile of the parties is always an open question, and is determined by our law relating to jurisdiction rather than by the local law. In general it may be safely said that any foreign divorce will be recognized in America in the country where rendered, unless it appears that the court rendering the divorce had no jurisdiction. If the plaintiff or defendant did not have a domicile in the country, the decree will be held void and inoperative. * * * The jurisdiction of the foreign court which granted the divorce is held to be open to inquiry by American courts, and the decree will be held inoperative if the jurisdiction of the foreign court was not in accordance with our views of jurisdiction. This may be a correct principle of international law so far as it applies to property rights, but it does not necessarily apply to the status of a foreigner. Unless the plaintiff was in fact a domiciled resident of our country at the time, the foreign decree should be recognized, for it has rightfully given the plaintiff a status in his own country. The foreign decree should be subjected to but one test—whether the plaintiff had such a domicile in the country that he could not have been a temporary resident with the intent to have his domicile elsewhere."

Nothing having been shown to impeach the finding of the rabbinical court, either for fraud, mistake, or lack of jurisdiction, plaintiff's motion for judgment must be denied, and the complaint dismissed.

Complaint dismissed.

---

### GODWIN v. LIBERTY-NASSAU BLDG. CO. et al.

(Supreme Court, Appellate Division, First Department. April 7, 1911.)

1. PLEADING (§ 343*)—JUDGMENT ON PLEADINGS—WHEN AUTHORIZED.

A motion for judgment, under Code Civ. Proc. § 547, authorizing motions for judgment on pleadings, cannot be granted, where the pleading contains any material issue of fact on which evidence must be taken to warrant a judgment, and on such a motion nothing but the pleadings can be considered.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1048; Dec. Dig. § 343.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PLEADING (§ 346*)—JUDGMENT ON PLEADINGS—WHEN AUTHORIZED.
    Where the complaint to foreclose a second mortgage alleges the payment by the mortgagee of taxes pursuant to covenants in the mortgage, an answer by the mortgagor, denying that he has knowledge or information sufficient to form a belief as to the payment of taxes, raises an issue of fact, and is not frivolous or sham; and an order, on motion for judgment, under Code Civ. Proc. § 547, to try the issues raised by the answer, with a provision for judgment without notice on the coming in of the referee's report, is unauthorized.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1060–1064; Dec. Dig. § 346.*]

3. MORTGAGES (§ 479*)—FORECLOSURE—REFERENCE.
    Gen. Rules of Practice, rule 60, authorizing a reference in an action to foreclose a mortgage, provides for a compulsory order of reference in cases in which some of the defendants are infants or absentees, and is designed to protect such defendants, and not to facilitate plaintiff's action.
    [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1395–1398; Dec. Dig. § 479.*]

Appeal from Special Term, New York County.

Action by Harold Godwin against the Liberty-Nassau Building Company and another, as trustee under a mortgage. From an interlocutory judgment, entered on the decision of a motion by plaintiff for judgment on the pleadings, defendant named appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Frank M. Avery, for appellant.
Louis Dean Speir, for respondent.

SCOTT, J. The action is to foreclose a second mortgage. The complaint, in addition to the customary allegations in such actions, also alleges that in order to protect his lien, and pursuant to special covenants in the mortgage, the plaintiff has paid certain sums for taxes on said property and for interest upon the prior mortgage, and these sums he seeks to include in the judgment of foreclosure. The defendant owner has interposed an answer, in which it denies that it has any knowledge or information sufficient to form a belief as to the allegations respecting the payment of said taxes and interest. A similar denial of the allegations as to the assignment of the mortgage to plaintiff is not insisted upon as raising an issue; but the defendant appellant does insist that the denials as to the payment of taxes and interest do raise issues which it is entitled to have tried and disposed of according to the rules and practice prescribed by law.

[1] The order appealed from results from a motion for judgment by plaintiff under section 547, Code Civil Procedure. It is now well settled that such a motion is a mere substitute for a motion for judgment on the pleadings at the trial, that it cannot be granted when the pleadings contain any material issue of fact upon which evidence must be taken to warrant judgment, and that upon such a motion nothing but the pleadings can be considered. In effect, therefore, such a motion must always involve only a question of law; that question being whether or not, upon the undisputed facts, the party mak-

ing the motion is entitled to judgment. [2] The present case does not answer to these requirements. While we may strongly suspect that the answer is interposed mainly for the purpose of delaying the foreclosure, and that the appellant does not expect to seriously combat the allegations of which it denies knowledge or belief, yet it is entitled to deny them, and to put plaintiff to his proof respecting them. The answer, therefore, raises issues which will require evidence to dispose of, and it cannot be said to be frivolous or sham, so that it can be ignored.

The order appealed from is not, properly speaking, an order for judgment, but is an order of reference to try and determine the issues raised by the answer, with a further provision that, upon coming in of the referee's report, the plaintiff, *without further notice*, shall be entitled to enter a final judgment of foreclosure and sale. The order appealed from is entitled an interlocutory judgment, but it gains nothing by being so named, since it remains in fact and effect merely an order granting plaintiff's motion. It is not to be doubted that, when the action is of such a nature that an interlocutory judgment must precede a final judgment, as, for instance, in an action for an accounting, and upon the pleadings the plaintiff is entitled to such an interlocutory judgment, he may move therefor upon the pleadings. But this is not such a case. When it has been tried upon the issues raised by the pleadings, the appropriate judgment to be entered is a final judgment of foreclosure and sale, and even in a case wherein an interlocutory judgment could properly be granted on motion, it would be wholly irregular to order that final judgment should be entered on the referee's report without notice to the defendant, so that he could be heard upon the confirmation of the report. We do not consider that section 547, Code of Civil Procedure, justifies the practice that has been followed in this instance. The plaintiff, like other litigants, must be content to try his cause in due and orderly course. [3] Nor can the order, or interlocutory judgment, as it is termed, be justified as a compulsory order of reference, under rule 60 of the general rules of practice. That rule provides for such an order only in cases in which some of the defendants are infants or absentees, and is designed for the protection of such defendants, and not to facilitate plaintiffs. Having arrived at the conclusion that the order appealed from must be reversed, it is unnecessary to consider the questions raised on the appeal as to the allowance of costs and the extra allowance.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion for judgment on the pleadings denied, with $10 costs. All concur.