DINEEN v. MAY et al.

(Supreme Court, Appellate Division, First Department. March 8, 1912.)

1. MASTER AND SERVANT (§ 21*)—CONTRACT OF EMPLOYMENT—RIGHT TO DISCHARGE.

A contract of employment stipulating for dismissal of the employé at any time for incompetence, or when the dismissal shall in the opinion of the employer be for his best interests, and that the decision of the employer as to the occasion for dismissal shall be final, gives to the employer an absolute right to discharge the employé with or without reason.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 20, 21; Dec. Dig. § 21.*]

2. PLEADING (§ 350*)—JUDGMENT ON PLEADINGS—BILL OF PARTICULARS.

The court on motion, under Code Civ. Proc. § 547, for judgment on the pleadings, may consider what may properly be considered on motion for judgment at the opening of the trial, and may consider plaintiff's bill of particulars.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Richard B. Dineen against "George" May and another, doing business under the firm name of May & Jekyll. From an order granting a motion for judgment on the pleadings, and from the judgment for defendants entered thereon, plaintiff appeals. Affirmed.

See, also, 132 N. Y. Supp. 1126.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and MILLER, JJ.

Herbert D. Cohen, for appellant.

George H. Savage, for respondents.

MILLER, J. [1] This is an action for wrongful discharge from employment. The complaint alleged that the contract of employment was in writing. A copy of said contract was annexed to the answer. The plaintiff served a bill of particulars in which he stated that the contract for breach of which the suit was brought was the contract a copy of which was annexed to the answer. Motion was made for judgment on the pleadings pursuant to section 547 of the Code of Civil Procedure. Thereupon the court gave judgment for the defendant on the ground that the contract gave the defendant the absolute right to discharge with or without reason. The provision in question is as follows:

"You" (meaning the plaintiff) "are to be in all respects subject to such orders as from time to time you may receive from your superiors and to dismissal at any time for incompetence or whenever your dismissal shall in the opinion of the contractors be for the best interests of the contractors or the railway company. The decision of the said contractors as to the occasion for any such dismissal shall be final."

We think the learned justice at Special Term correctly construed the contract. Cases of agreements to perform work to the satisfaction of an employer are not in point. Here, the parties have provided by language too plain to require construction that the decision of the employer shall be final.

[2] A point, which apparently was not suggested at the Special Term, is now made by the plaintiff, namely, that the bill of particulars cannot be considered on a motion for judgment on the pleadings. We have already said that one of the purposes of section 547 of the Code of Civil Procedure was to obviate the necessity of waiting until the trial to make the motion. Clark v. Levy, 130 App. Div. 389, 114 N. Y. Supp. 890. The purpose of the statute was to save expense and delay. It would be absurd to hold that, on a motion for judgment on the pleadings before trial, the plaintiff's bill of particulars could not be considered, although, if the parties are required to prepare for trial, the case will be dismissed at the opening. We think that on such a motion as this the court may consider whatever might properly be considered on a motion for judgment at the opening of the trial.

The judgment and order should be affirmed, with costs. All concur.