### SELTZER v. STEIN.

(Supreme Court, Appellate Term, First Department. February 14, 1913.)

1. PLEADING (§ 350*)—JUDGMENT ON PLEADINGS.

   A bill of particulars, demanded and furnished, may be considered on motion for judgment on the pleadings.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.*]

2. PLEADING (§ 345*)—NEGLIGENCE—JUDGMENT ON PLEADINGS.

   In an action for personal injury, caused by negligent maintenance of an elevator, sudden descent of which caused the accident, judgment dismissing the complaint on the pleadings was not warranted by averment in a bill of particulars that, at the time of the accident, plaintiff was on the elevator to ascertain what was the matter with it.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055–1059; Dec. Dig. § 345.*]

Appeal from City Court of New York, Special Term.

Action by Sidney Seltzer, by Lena Seltzer, his guardian ad litem, against Jacob Stein. Judgment dismissing the complaint, and plaintiff appeals. Reversed.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Schleider & Schleider, of New York City (M. Spencer Bevins, of New York City, of counsel), for appellant.

Rosenthal & Heermance, of New York City (Clayton J. Heermance, of New York City, of counsel), for respondent.

BIJUR, J. This action is brought to charge the defendant with negligence in the maintenance of an elevator on his premises. The plaintiff was injured by the sudden descent or fall thereof. A bill of par-

ticulars was demanded and furnished. Among other things it contains the statement:

"At the time of the accident the elevator was not working properly, and plaintiff was upon the elevator for the purpose of finding out what the trouble was therewith."

It also contains the statement, in reply to the inquiry as to the exact parts of the elevator claimed "to have been not in repair":

"A link of the chain situate around one of the pillars underneath the platform of the said elevator was broken."

[1, 2] While, upon a· motion for · judgment on the pleadings, the bill of particulars may be considered (Dineen v. May, 149 App. Div. 469, 134 N. Y. Supp. 7), I can find nothing in the bill of ·particulars ·on which to predicate a judgment dismissing this complaint. The mere fact that plaintiff was on the elevator to ascertain what was out of ·order cannot be regarded, in and of itself and without further elaboration, as a defense to a charge of negligence in permitting a state of disrepair to exist; and it is needless to amplify the many distinctions and considerations which negative such assumption.

Order reversed, with $10 costs and disbursements, motion denied, with $10 costs, and judgment vacated. All concur.