A. O. ANDERSEN TRADING COMPANY, LTD., Appellant, v. SAMUEL BRODY, Respondent.

First Department, November 5, 1920.

Pleadings — bill of particulars may be considered on motion for judgment on pleadings — sales — breach of parol warranty — sale of goods for export "subject to examination" — parol warranty surviving delivery to carrier in this State — waiver of right to inspect goods before shipment.

On a motion for judgment on the pleadings a bill of particulars filed by the plaintiff may be considered and construed in connection with the complaint.

Where an order for goods sold for export to a foreign country provided that they were to be " subject to examination," the examination was not intended to be restricted to an examination by the purchaser at the dock of the carrier in this State, and as the order was not accepted in writing by the defendant, the plaintiff may give evidence of a parol warranty which survived the delivery of the property to the carrier.

The general rule is that if the seller is to ship the goods, the place of inspection, in the absence of an agreement to the contrary, is the destination of the goods, and hence although the plaintiff may have had the right to inspect before shipment it could waive that right and accept the goods relying upon the parol warranty.

APPEAL by the plaintiff, A. O. Andersen Trading Company, Ltd., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 1st day of May, 1920, pursuant to an order made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of April, 1920, dismissing the amended complaint, and also from the order upon which said judgment was entered granting defendant's motion for judgment on the pleadings dismissing the amended complaint for failure to state facts sufficient to constitute a cause of action.

*John A. McManus* of counsel [*Ralph A. Woodend* with him on the brief]; *Duncan & Mount,* attorneys, for the appellant.

*David Haar,* for the respondent.

First Department, November, 1920.          [Vol. 193.

LAUGHLIN, J.:

This is an action to recover damages for a breach of warranty on the sale by the defendant to the plaintiff of cocoa bags. The motion for the dismissal of the complaint was made on the ground that it fails to state facts sufficient to constitute a cause of action and was confined to the pleadings, but the record on appeal contains a verified bill of particulars of the plaintiff's claim, and the order and judgment refer to it as having been read and considered on the motion. It is contended in behalf of the appellant that such a motion must be decided on the pleadings without reference to any bill of particulars and it cites *Godwin* v. *Liberty-Nassau Building Co.* (144 App. Div. 164), in which it is inaccurately stated that "upon such a motion nothing but the pleadings can be considered." The court there, however, was not considering or deciding whether on such a motion a pleading is to be deemed made more definite and certain by a bill of particulars and construed in the light thereof. It is manifest that a bill of particulars would be considered on such a motion if made at the trial, as will readily be seen from an illustration. If a complaint on or for a breach of a contract failed to show whether the contract was in writing, and it appeared by a bill of particulars that it rested in parol, and the defendant pleaded the Statute of Frauds, there can be no doubt but that, for the purpose of a motion to dismiss on the trial, the contract would be deemed not to have been in writing. It is quite well settled that such a motion is a substitute for a motion on the trial, and while it may not be resisted by affidavits or other evidence to extend the allegations of the complaint (*Standard Fashion Co.* v. *Thompson*, 137 App. Div. 588; *Ship* v. *Fridenberg*, 132 id. 782; *Faas* v. *Armstrong*, 170 id. 596), and a pleading is not enlarged by a bill of particulars, it is limited thereby, and on such a motion is to be construed in connection therewith. (*Dineen* v. *May*, 149 App. Div. 469.)

The allegations in the amended complaint are to the effect that the plaintiff purchased of the defendant 20,000 bags according to samples exhibited to it by the defendant at the time, and that the defendant represented and warranted that all of the bags would be of the quality of the samples and would be "second-hand, 3-blue striped cocoa bags;" that the

defendant was informed that the bags were not intended for the plaintiff's own use, but were to be shipped to Port-au-Prince, Haiti, for use in bagging coffee for export, and the defendant agreed to deliver them at the piers of the Raporel Steamship Company in New York harbor for shipment to Port-au-Prince and to procure from the carrier shipping receipts for the bags, and payment for the bags was to be made by the plaintiff upon the presentation and delivery to it of such shipping receipts; that thereafter the defendant delivered to said carrier a quantity of bags and obtained shipping receipts therefor and presented and delivered them to the plaintiff together with his bill for the bags, and the plaintiff on or about the 14th of May, 1918, paid the bill; that the bags so delivered to the carrier were shipped to C. F. Madsen at Port-au-Prince and the plaintiff paid the freight, consular fees, and insurance thereon; that when the bags arrived at Port-au-Prince, the consignee declined to receive them for the reason that they were found on inspection to be oily, dirty and greasy, and appeared to have been previously filled with copra or some other oily substance, and it was found that they were not cocoa bags and were utterly unfit for use as coffee bags, and the plaintiff thereupon was obliged to send a representative to Port-au-Prince to take charge and dispose of the bags after having notified the defendant of the facts and circumstances, and that plaintiff's representative also found on arriving at Port-au-Prince that the bags did not in any respect conform to the samples and that they were unfit for the use intended; that the plaintiff caused the bags to be sold at the best price obtainable and was obliged to pay the consignee the amount paid for the bags together with import duty and incidental expenses; and judgment is demanded for the difference between the market value of the bags at Port-au-Prince if they had been as warranted and the actual value and its expense in sending a representative to take charge and dispose of the bags.

By the bill of particulars, plaintiff states that the contract was partly in writing and partly oral, and it sets forth the writing which is in the form of an order under date of May 4, 1918, signed by the plaintiff and addressed to the defendant requesting him to prepare for shipment — and to notify

plaintiff when he was ready for shipping instructions — 20,000 " Washed Cocoa bags, second hand, at 34⅞c per bag, net, delivered f. o. b. steamer, New York." The order also provided that the purchaser was to pay on presentation of shipping receipts on or before May tenth. The final sentence of the order was as follows: " Subject to examination." The bill of particulars further shows that the order originally was for 20,000 sugar bags, at thirty-three and one-half cents per bag, and that the manager of the plaintiff on visiting defendant's warehouse to inspect the sugar bags, found them unfit and that he was thereupon shown a sample of the cocoa bags, which were offered at thirty-four and seven-eighths cents per bag, and that the defendant thereupon expressly guaranteed and warranted that if the cocoa bags were accepted, bags would be delivered to conform in every respect to the samples shown, and thereupon the defendant's proposition for the substitution of the cocoa bags was accepted and the original order was changed by striking out the reference to the sugar bags and the price and by interlining a specification of the cocoa bags at the increased price. The final sentence of the order was left unchanged and it does not appear that it was discussed or referred to in the negotiations for the cocoa bags. It is further stated in the bill of particulars that it was orally agreed between the parties that the plaintiff would pay to the defendant the purchase price of the cocoa bags upon the delivery of the dock receipt for the bags from the steamship company. It does not appear by the order or the bill of particulars that the original order, or the original order as so amended, was accepted in writing by the defendant. The order, therefore, does not constitute a contract in writing within the rule which precludes parol evidence to vary the terms of a written instrument; and, at most, the writing merely constituted *evidence* of what the parol contract was in so far as the terms of the order as amended were agreed to either expressly or by implication. Respondent claims that the words " Subject to examination " in the order contemplated the examination by the purchaser at the dock of the carrier in New York, and, therefore, precludes evidence of a parol warranty that would survive the delivery of the bags to the carrier at New York. That contention is unsound for many reasons. When

inserted in the order, it referred to the sugar bags which were to be and were examined at the defendant's place of business and with respect to which there was to be no warranty. If the effect of leaving these words in the order when the cocoa bags were substituted was to render them applicable to the cocoa bags, a point which need not be decided at this time, it would still not be stated when or where the examination was to be made, and, therefore, on any theory, parol evidence on that subject would be admissible. Moreover, it is fairly to be inferred from the order and the bill of particulars that the defendant was to ship the goods, for he was to deliver the goods to the carrier and obtain shipping receipts therefor and present the same to the plaintiff, whereupon payment was to be made. That would necessarily place the goods in the custody of the carrier for shipment and no examination thereof could be made before shipment without the consent of the carrier; and it does not appear that such consent was obtained or obtainable or that there was an opportunity for such examination before shipment. The general rule is that if the seller is to ship the goods, the place of inspection, in the absence of an agreement to the contrary, is the destination of the goods (Williston Sales, § 480); and although the plaintiff may have had the right to inspect before shipment, it could waive that right and accept the goods, relying on the parol warranty. (Pers. Prop. Law, §§ 93, 130, 150, as added by Laws of 1911, chap. 571; Williston Sales, §§ 208, 254; *Egbert* v. *Hanford Produce Co.,* 92 App. Div. 252.)

No point with respect to the rule or the nature of damages recoverable is presented by the appeal and we express no opinion thereon.

It follows that the order and judgment should be reversed, with costs, and motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Judgment and order reversed, with costs, and motion for judgment on the pleadings denied, with ten dollars costs.