PEASE PIANO COMPANY, Respondent, *v.* GEORGE N. TAYLOR, Appellant.

First Department, July 1, 1921.

**Pleadings — motion for judgment on pleadings may be heard before referee appointed to hear and determine issue — court not deprived of jurisdiction to entertain motion — when contract may be considered on motion — principal and agent — action to recover excess of drawing account over and above commissions earned — complaint not stating cause of action — failure to allege express or implied agreement to repay excess of advances over commissions.**

A motion for judgment on the pleadings upon the ground that the complaint does not state facts sufficient to constitute a cause of action can be heard before a referee appointed to hear and determine the issues, since such a referee takes the place of the court, and, in the trial of a cause, has substantially all the powers of a court.

His appointment, however, does not deprive the court of jurisdiction to entertain the motion, and where the plaintiff has delayed noticing the cause for a hearing before the referee for more than fourteen months, the defendant is entitled to a determination on his motion by the justice at Special Term.

A copy of a contract of employment annexed to plaintiff's bill of particulars can be considered on the motion where the plaintiff has stated the contract to be the instrument upon which the action is predicated and has alleged the legal effect thereof in the complaint.

A complaint in an action to recover from a salesman the difference between the amount paid him on a drawing account and the amount of commissions earned and credited to him on such account will be dismissed where it fails to set out an agreement, express or implied, to repay any excess of payments on the drawing account over commissions earned.

APPEAL by the defendant, George N. Taylor, from an order of the Supreme Court, made at the New York Special Term

and entered in the office of the clerk of the county of New York on the 8th day of April, 1921, denying defendant's motion for judgment on the pleadings.

*John Ewen* of counsel [*Wilder, Ewen & Patterson*, attorneys], for the appellant.

*Bruce Ellison* of counsel [*William B. Ellison* with him on the brief; *Ellison, Ellison & Fraser*, attorneys], for the respondent.

PAGE, J.:

The motion was denied on the ground that it should have been made before the referee appointed to hear and determine the issue, and without prejudice to a renewal of the motion before the referee.

The referee was appointed by an order dated January 5, 1920. This motion was made on March 22, 1921. No notice of a hearing before the referee has been served.

The purpose of section 547 of the Code of Civil Procedure is to enable a litigant at any time after issue joined and before trial to move for judgment on the pleadings, as he could upon the trial. A motion for judgment upon the ground that the complaint does not state facts sufficient to constitute a cause of action could be made before the referee to hear and determine upon the hearing before him. Such " a referee takes the place of the court, and, in the trial of the cause, has substantially all the powers of a court at Special Term or circuit." (*Schuyler* v. *Smith*, 51 N. Y. 309, 317; *Coffin* v. *Reynolds*, 37 id. 640.) His appointment, however, does not deprive the court of jurisdiction to entertain the motion. If after a notice of hearing had been served, the party should serve notice of a motion before the court for judgment on the pleadings, the court might very properly decline to entertain the motion and remit the party to his motion before the referee, as the court would do if the motion were made after a cause was on the day calendar for trial. In such a case section 547 would be utilized for delay and not for a speedy determination of the case. In the case under consideration the plaintiff has delayed noticing the cause for a hearing

First Department, July, 1921. [Vol. 197

before the referee for more than fourteen months. The defendant is not required to bring the issues to trial. Whether there is a cause of action alleged against him the defendant is entitled to have determined by the court without waiting, for a longer period of time, for the plaintiff to bring the issues to trial. The justice at Special Term should have heard the motion.

The action is brought to recover from a salesman the difference between the amount paid him on a drawing account and the amount of commissions earned and credited to him on such account. The complaint does not allege an agreement to repay any excess of advances over commissions earned. Annexed to the bill of particulars served by the plaintiff is a copy of the contract of employment. This contract can be considered on the motion. As the plaintiff has stated this to be the contract upon which the action is predicated, the legal effect of which is alleged in the complaint, we can treat it as if a copy were annexed to the complaint and referred to and made a part thereof. (*Dineen* v. *May*, 149 App. Div. 469, 471; *Wilson & Co., Inc.,* v. *Hartford Fire Ins. Co.,* 190 id. 506, 507; affd., 229 N. Y. 612; *Andersen Trading Co., Ltd.,* v. *Brody,* 193 App. Div. 681, 682.)

This contract so far as pertinent to the question under consideration is as follows:

" Compensation will be based upon the net business done by me at the following rates: [Schedule of rates] payable as follows:

" A drawing account of $35.00 per week to be charged against commissions earned by me; and a quarterly settlement of any commissions standing to my credit on the first day of September, December, March, and June of each year; but it is expressly understood that the Pease Piano Company are to retain to offset chargebacks, 20% of the commissions earned by me during the quarter given me in settlement.

" It is further understood that the Pease Piano Company may reduce the drawing account above mentioned should I fail to earn sufficient commissions during the quarter to cover."

There is no agreement to pay back any excess of payments on the drawing account over commissions earned. The sole

right that the plaintiff reserved was to reduce the drawing account should the defendant fail to earn sufficient commissions during any quarter to cover the amount paid. There is no personal liability of the defendant to repay the sum, and the same is payable out of commissions and not otherwise.

It is well settled that without an agreement express or implied to repay the excess of a drawing account over and above commissions earned, the employer cannot recover such excess from the employee. (*Northwestern Mutual Life Ins. Co.* v. *Mooney*, 108 N. Y. 118; *Wolfsheimer* v. *Frankel*, 130 App. Div. 853, 856.)

The facts alleged in the complaint with the contract set forth in the bill of particulars are insufficient to constitute a cause of action. The order will, therefore, be reversed, with ten dollars costs and disbursements, and the motion for judgment in favor of the defendant dismissing the complaint granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.