SAMUEL KRONMAN & CO., INC., Respondent, v. THE PUBLIC NATIONAL BANK OF NEW YORK, Defendant, Impleaded with CREDIT LYONNAIS, Appellant.

First Department, December 17, 1926.

Banks and banking — letters of credit — action to recover damages for refusing to honor letter of credit — letter provided for bills of lading to order of issuing bank — complaint does not allege that bills presented by seller were so drawn — bill of particulars limits plaintiff's claim to rights under letter of credit as against bank on which letter was drawn — letter not obligation of said bank to plaintiff — bill of particulars considered on motion for judgment on pleadings — complaint is insufficient for failing to allege compliance with letter of credit — allegation that bills of lading were presented." as required " states conclusion — allegation of performance " except as it was prevented  *  *  *  by the defendant herein " is insufficient — facts showing excuse should have been pleaded.

A letter of credit was issued by the defendant New York bank to the defendant French bank at the request of the plaintiff, who had purchased goods to be shipped from Spain. The letter of credit provided that the documents and bill of lading should be made to the order of the New York bank. Plaintiff seeks to establish an obligation between the French bank and itself by general allegations. The only agreement between the plaintiff and the French bank must be found in the letter of credit and the examination thereof shows that the letter does not contain any promise by the French bank to the plaintiff.

The allegations of the complaint as read in the light of the bill of particulars, which states that the New York bank, acting for and in behalf of the French bank, and also acting for and in behalf of itself, entered into the agreement resulting in the letter of credit, limit the plaintiff's claim to the legal effects which would flow from the letter of credit itself.

On motion by the defendant for judgment on the pleadings the court has the right to take into consideration the bill of particulars furnished by the plaintiff.

The complaint does not sufficiently allege compliance with the letter of credit which required the presentation of bills of lading payable to the order of the New York bank, for the only allegation as to that is that the seller presented a complete set of bills of lading " as required in said commercial letter of credit." That allegation states a mere conclusion and is not sufficient to show that the bills of lading presented complied with the terms of the letter of credit.

Allegations of performance by the plaintiff and the seller " except as it was prevented  *  *  *  by the defendants herein," are insufficient, for the plaintiff should have alleged, in addition, facts sufficient to constitute an excuse for failure to perform any condition of the contract.   ·

MARTIN, J., dissents.

APPEAL by the defendant, Credit Lyonnais, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of February, 1926, denying said defendant's motion for judgment on the pleadings.

*E. H. Sykes* of counsel [*Sullivan & Cromwell,* attorneys], for the appellant.

*Horowitz, Riedler & Hurwitz,* for the respondent.

*Sam L. Cohen* of counsel [*Moses & Singer,* attorneys], for the defendant The Public National Bank of New York.

BURR, J. This is an action to recover damages for breach of contract alleged to have been made and entered into between plaintiff and defendants. The complaint alleges:

" That at all the times hereinafter mentioned, the plaintiff herein was a duly organized domestic corporation.

" Upon information and belief, that at all the times hereinafter mentioned, the defendant, The Public National Bank of New York, was and still is a domestic corporation duly authorized to transact a general banking business, and in connection therewith to issue commercial letters of credit," and that the defendant herein, Credit Lyonnais, was and still is a foreign corporation duly organized under the laws of the Republic of France, transacting its business among other places at Valencia, Spain, and in the city of New York and in the United States, and duly authorized to conduct a general banking business and to discount and accept letters of credit.

The complaint further alleges that on or about the 9th day of October, 1923, Vincente Ballester Munoz of Valencia, Spain, entered into an agreement with the plaintiff wherein the said Vincente Ballester Munoz agreed to sell to the plaintiff, and the plaintiff agreed to purchase, five thousand (5,000) crates of Spanish onions, at one ($1.00) dollar per crate, and two thousand (2,000) one-half cases Spanish onions at one and 60/100 ($1.60) dollars per half-case, or the aggregate amount of eighty-two hundred ($8200) dollars, upon condition that said amount be paid to Vincente Ballester Munoz upon presentation by him to a bank designated by the plaintiff of a consular invoice, certificate of weight, invoice, certificate of insurance, and complete set of bills of lading for such merchandise. That on or about the 13th day of October, 1923, the plaintiff entered into an agreement, for a valuable consideration, with the defendant, The Public National Bank of New York, whereby said bank agreed to cable or transmit through the defendant, the Credit Lyonnais, the sum of eighty-two hundred ($8200) dollars at Valencia, Spain, which amount was to be paid to the said Vincente Ballester Munoz upon presentation by him to the said Credit Lyonnais at Valencia, Spain, of a consular invoice, certificate of weight, invoice, certificate of insurance and

40

**626** KRONMAN & CO., INC., *v.* PUBLIC NATIONAL BANK OF N. Y.

First Department, December, 1926.          [Vol. 218

complete set of bills of lading for said merchandise. That the defendant herein, Credit Lyonnais, was designated by plaintiff and the defendant, The Public National Bank of New York, as the bank to which said Vincente Ballester Munoz was to present the papers aforesaid to entitle him to receive said sum of eighty-two hundred ($8200) dollars, and due notice thereof was given the said Vincente Ballester Munoz. That thereafter and on or about the 13th day of October, 1923, the defendant, The Public National Bank of New York, for value, duly issued and delivered to the plaintiff herein in the city of New York, its certain letter of credit or advice No. 182, upon the said banking house of the defendant, Credit Lyonnais, at Valencia, Spain, as appears in the said letter of credit, a true copy of which is thereto annexed and made a part of this complaint, marked Plaintiff's Exhibit " A."

" VIII. That said Credit Lyonnais duly agreed to and with the plaintiff that it would pay to said Munoz the said sum of Eighty-two Hundred ($8200) Dollars upon presentation of the aforesaid documents within the time limited by said letter of credit."

Upon information and belief, that thereafter and on or about the 20th day of October, 1923, the said Vincente Ballester Munoz duly presented to the said Credit Lyonnais at Valencia, Spain, a consular invoice, certificate of weight, invoice, certificate of insurance and complete set of bills of lading for such goods, as required in said commercial letter of credit, and demanded payment of the said sum of eighty-two hundred ($8200) dollars, but payment thereof was refused by the said defendant Credit Lyonnais, of all of which due notice was given to the defendants herein. That the plaintiff herein accepted the said letter of credit from The Public National Bank of New York aforesaid, relying in good faith upon the name and credit of the defendants, and upon the said statements and representations made by the defendants with respect to said letter of credit or advice, and the sufficiency, availability and negotiability thereof. That upon the refusal on the part of the defendant Credit Lyonnais to pay to the said Vincente Ballester Munoz the said sum of eighty-two hundred ($8200) dollars, the said Vincente Ballester Munoz refused to deliver the aforesaid merchandise to the plaintiff herein, and that by reason of the premises the plaintiff herein was damaged in the difference between the contract price of the aforesaid merchandise and the market price at the time of the tender of the consular invoice, certificate of weight, etc., to wit, in the sum of six thousand ($6,000) dollars. That plaintiff has duly performed all the terms and conditions on its part to be performed, except as it was prevented from so doing by the defendants herein. Upon information and belief, that said

Vincente Ballester Munoz duly performed all the terms and conditions of the agreement between him and the plaintiff on his part to be performed, except as he was prevented from doing so by the acts of the defendants herein.

The letter of credit, plaintiff's Exhibit "A," annexed to the complaint, reads as follows:

> "THE PUBLIC NATIONAL BANK
>          OF NEW YORK.
>
> " Commercial Letter of Credit.
>
> " Amount
> " $8,200.00                                                    No. 182
>
> " VINCENTE BALLESTER MUNOZ, "NEW YORK, *October* 13, 1923.
>                          " Valencia, Spain.
>
> " We beg to confirm cable to Credit Lyonnais, Valencia, Spain, that you are hereby authorized to draw on
>
> " The Public National Bank of New York, 89 Delancey Street, New York, N. Y. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . to the aggregate amount of Eighty-two hundred Dollars ($8200) by your drafts at 90 days . . . . . . . . . . . . . . . . . . . . . . sight for account of Samuel Kronman & Co., Inc., 181 Reade Street, New York, N. Y. . . . . . . . . . . . . . . . . . . for One Hundred (100%) . . . . . . . . . . . . . . per cent of the invoice value of 5000 crates (five thousand) Spanish Onions @ $1.00, and 2000 (two thousand) ½ cases Spanish Onions @ $1.60 — Total Eighty-two Hundred Dollars ($8200) to be shipped C. I. F. New York.
>
> " Up to and including Oct. 23, 1923, Valencia, Spain . . . . . . . . . . New York . . . . . . . . . . . . . . .
>
> " The shipments must be completed and the drafts negotiated on or before October 23rd, 1923 . . . . . . . . . . . . . . . .
>
> " The undersigned agrees with the drawer and bona fide holders for value in due course of drafts drawn under, and in conformity with, and within the amount of this credit, that such drafts will be duly honored on presentation to The Public National Bank of New York, 89 Delancey Street, New York, N. Y., if accompanied by Consular invoice, certificate of weight . . . . . . . . . . . . . . . invoice, certificate of insurance, if insurance is effected by shipper, and complete set of bill of lading for such goods, to the order of The Public National Bank of New York.
>
> " All remaining bills of lading, together with Consular invoice, must be mailed direct and promptly by the bank or party negotiating drafts hereunder to The Public National Bank of New York, New York. A certificate that such remaining bills of lading and Consular invoice have been so forwarded must accompany all such drafts,

**628** Kronman & Co., Inc., v. Public National Bank of N. Y.

First Department, December, 1926. [Vol. 218

" Drafts under this credit must bear on their face the following:

"'Drawn under The Public National Bank of New York L/C No. 182, dated New York, October 13th, 1923,' and must be duly advised to the Public National Bank of New York, 89 Delancey Street, New York................

" Insurance to be effected by Shipper."

As appears from the complaint, plaintiff seeks to establish an obligation between the defendant Credit Lyonnais, the bank of presentation, and itself, the buyer, by a general allegation, as follows:

" VIII. That said Credit Lyonnais duly agreed to and with the plaintiff that it would pay to said Munoz the said sum of Eighty-two hundred dollars ($8200) upon presentation of the aforesaid documents within the time limited by said letter of credit."

Defendant Credit Lyonnais thereupon made demand for a bill of particulars as follows:

" 4. If in writing, copy of the agreement between the plaintiff and this defendant referred to in the paragraph of the Complaint VIII, or, if oral, the full terms thereof and with what officer or employee of the defendant made."

Plaintiff served its verified bill of particulars on that demand as follows:

" 4. Plaintiff refers defendant to plaintiff's Exhibit A, for the information desired in item 4 of its demand. The Public National Bank of New York, acting for and in behalf of Credit Lyonnais, and also acting for and in behalf of itself, entered into the aforesaid agreement, Plaintiff's Exhibit A."

It is clear, therefore, that any agreement between the plaintiff Kronman and the defendant Credit Lyonnais must be found in the letter of credit, plaintiff's Exhibit A. It is equally clear and obvious that the letter of credit does not contain any promise by defendant Credit Lyonnais to Kronman.

The complaint further alleges that Munoz, the seller, presented to defendant Credit Lyonnais at Valencia " a consular invoice, certificate of weight, invoice, certificate of insurance and complete set of bills of lading for such goods, as required in said commercial letter of credit," with demand and refusal of payment by Credit Lyonnais. It is not specifically alleged that Munoz presented what the letter of credit called for, i. e., complete set of bills of lading for such goods to the order of The Public National Bank of New York.

The complaint further sets up the refusal of Munoz to deliver by reason of the refusal of Credit Lyonnais to pay; performance by Munoz of the conditions between him and the plaintiff, " except

as he was prevented from doing so by the acts of the defendants herein."

The contract between the buyer and seller, as set out in the complaint, provided that payment should be made "upon presentation by him [the seller] to a bank designated by the plaintiff herein of a consular invoice, certificate of weight, invoice, certificate of insurance and complete set of bills of lading for such merchandise." It did not provide for bills of lading to the order of the Public Bank, which was a requirement of the letter of credit.

The allegations of the complaint, as read in the light of the bill of particulars, limit the plaintiff's claim to the legal effects which would flow from the letter of credit itself.

On motions for judgment on the pleadings the bill of particulars will be considered together with the complaint.

In *Dineen* v. *May* (149 App. Div. 469) Mr. Justice MILLER said (p. 471): "A point, which apparently was not suggested at the Special Term, is now made by the plaintiff, namely, that the bill of particulars cannot be considered on a motion for judgment on the pleadings. We have already said that one of the purposes of section 547 of the Code of Civil Procedure was to obviate the necessity of waiting until the trial to make the motion. (*Clark* v. *Levy*, 130 App. Div. 389.) The purpose of the statute was to save expense and delay. It would be absurd to hold that on a motion for judgment on the pleadings before trial the plaintiff's bill of particulars could not be considered, although, if the parties are required to prepare for trial, the case will be dismissed at the opening. We think that on such a motion as this the court may consider whatever might properly be considered on a motion for judgment at the opening of the trial."

In *Davison Coal Co., Inc.,* v. *National Park Bank* (201 App. Div. 309, 311), Mr. Justice LAUGHLIN writing for the court said: "I am also of opinion that the verbal notice was insufficient, for the reason that the bill of particulars, which may be considered on such a motion (*Dineen* v. *May*, 149 App. Div. 469, 471), shows that it was not given, as pleaded, prior to the fifth of October, but on that day, which was the day on which the draft was payable and was paid, and it neither appears by the reply nor by the bill of particulars, which, however, would not have sufficed (*Wells* v. *Caro*, 74 Misc. Rep. 87), that the verbal notice was given prior to the payment of the draft or a sufficient time prior thereto to have enabled the defendant in the exercise of reasonable diligence to stop payment of the draft. The defendant's motion for judgment on the pleadings, therefore, should have been granted."

In *All American Securities Co.* v. *Foundation Co.* (211 App.

Div. 684), a motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice, Mr. Justice DOWLING, writing for the court, said: "The complaint, standing alone, sets forth a good cause of action. But on motions of this character it is competent to consider with it the bill of particulars. (*Davison Coal Co.* v. *National Park Bank of New York,* 201 App. Div. 309, 311.) And, reading the two together, where there is a variance, the writing set forth in the bill of particulars as Schedule A must govern. (*Rubin* v. *Siegel,* 188 App. Div. 636, 638.)"

In *Andersen Trading Co., Ltd.,* v. *Brody* (193 App. Div. 681, 682) the court, through LAUGHLIN, J., said: "This is an action to recover damages for a breach of warranty on the sale by the defendant to the plaintiff of cocoa bags. The motion for the dismissal of the complaint was made on the ground that it fails to state facts sufficient to constitute a cause of action and was confined to the pleadings, but the record on appeal contains a verified bill of particulars of the plaintiff's claim, and the order and judgment refer to it as having been read and considered on the motion. It is contended in behalf of the appellant that such a motion must be decided on the pleadings without reference to any bill of particulars and it cites *Godwin* v. *Liberty-Nassau Building Co.* (144 App. Div. 164), in which it is inaccurately stated that ' upon such a motion nothing but the pleadings can be considered.' The court there, however, was not considering or deciding whether on such a motion a pleading is to be deemed made more definite and certain by a bill of particulars and construed in the light thereof. It is manifest that a bill of particulars would be considered on such a motion if made at the trial, as will readily be seen from an illustration. If a complaint on or for a breach of a contract failed to show whether the contract was in writing, and it appeared by a bill of particulars that it rested in parol, and the defendant pleaded the Statute of Frauds, there can be no doubt but that, for the purpose of a motion to dismiss on the trial, the contract would be deemed not to have been in writing. It is quite well settled that such a motion is a substitute for a motion on the trial, and while it may not be resisted by affidavits or other evidence to extend the allegations of the complaint (*Standard Fashion Co.* v. *Thompson,* 137 App. Div. 588; *Ship* v. *Fridenberg,* 132 id. 782; *Faas* v. *Armstrong,* 170 id. 596), and a pleading is not enlarged by a bill of particulars, it is limited thereby, and on such a motion is to be construed in connection therewith. (*Dineen* v. *May,* 149 App. Div. 469.)"

The letter of credit is an obligation of the defendant Public Bank to Munoz, the seller of the goods, and since it is alleged that the defendant Public Bank was agent for the defendant Credit

Lyonnais, the letter of credit, for purposes of the pleading, becomes an obligation of the defendant Credit Lyonnais to Munoz. It does not purport, and may not be construed as setting forth any obligation of the defendant Public Bank or of this defendant to the plaintiff. It is an obligation of the issuing bank to the seller of the goods and may not be terminated by direction of the buyer. (*International Banking Corporation* v. *Irving Nat. Bank*, 274 Fed. 122; *Laudisi* v. *Am. Exchange Nat. Bank*, 239 N. Y. 234; *Courteen Seed Co.* v. *Hong Kong & Shanghai Banking Corp.*, 216 App. Div. 495; *Frey & Son* v. *Sherburne Co.*, 193 id. 849.)

Under the allegations of the complaint as limited by the bill of particulars, it must be assumed that the defendant Credit Lyonnais, the bank of presentation, named the defendant Public Bank, the issuing bank, as its agent and accordingly that it was responsible to Munoz upon the letter of credit. But the defendant Credit Lyonnais has not by the letter of credit itself entered into any contract with Kronman, the plaintiff herein.

The form of commercial guaranty annexed to the letter of credit does not seem to have been signed by the plaintiff, but, if executed by the plaintiff, it purports to be, and is, solely an obligation of the plaintiff Kronman to the defendant Public Bank. It is addressed to the Public Bank and recites: " In consideration of your opening for us commercial Credit No.          as per copy."

No promise by defendant Credit Lyonnais to the plaintiff can be based upon the letter of credit to which the plaintiff by his bill of particulars has limited his claim of privity.

The letter of credit calls for " complete set of bill of lading for such goods, to the order of The Public National Bank of New York." The complaint does not allege that bills of lading to the order of the Public Bank were presented. It alleges that Munoz presented " complete set of bills of lading for such goods as required in said commercial letter of credit." The complaint, in asserting that bills of lading were " as required," states merely a legal conclusion. The defendant Credit Lyonnais as the bank of presentation could only with safety act upon documents in the exact form required by the defendant Public Bank, the issuing bank, including bills of lading to the order of the Public Bank. (*Lamborn* v. *Lake Shore, etc., Trust Co.*, 196 App. Div. 504.) The terms of sale as between Kronman and Munoz have nothing to do with the terms of the letter of credit. (*O'Meara Co.* v. *National Park Bank*, 239 N. Y. 386, 395.)

Plaintiff alleges it duly performed all the terms and conditions on its part to be performed " except as it was prevented from so doing by the defendants herein," and further that Munoz per-

formed all of his agreements with the plaintiff with like exception. Both waiver and prevention are conclusions of law and the facts from which will flow the legal conclusion constituting such excuse must be pleaded. (*LaChicotte* v. *Richmond R. & El. Co.*, 15 App. Div. 380, 384; *Booz* v. *Cleveland School Furniture Co.*, 45 id. 593, 595; *Todd* v. *Union Casualty & Surety Co.*, 70 id. 52; *Stern* v. *McKee*, Id. 142; *Weeks* v. *O'Brien*, 141 N. Y. 199; *Oakley* v. *Morton*, 11 id. 25; *Sasse* v. *Order of United Commercial Travelers*, 168 App. Div. 746.)   The allegations of the complaint as to performance of conditions are, therefore, insufficient.   The complaint fails to allege any facts sufficient to constitute a cause of action in favor of the plaintiff as against the defendant Credit Lyonnais.

The order appealed from should be reversed, with ten dollars costs and disbursements to the appellant, and the motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within twenty days after entry of the order to be entered herein on payment of said costs.

CLARKE, P. J., MERRELL and FINCH, JJ., concur; MARTIN, J., dissents.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within twenty days from service of order upon payment of said costs.