EDWARD J. RICHARDSON, Respondent, *v.* JOHN H. GREGORY, Appellant.

Fourth Department, January 12, 1927.

**Pleadings — judgment on pleadings — motion by defendant under Rules of Civil Practice, rule 112, after answer served and bill of particulars served by plaintiff — motion is timely — answer denied consideration for contract sued on — original complaint stated good cause of action — bill of particulars which may be considered on motion showed impossibility of plaintiff establishing consideration — defendant was entitled to judgment on pleadings.**

A motion for judgment on the pleadings, under rule 112 of the Rules of Civil Practice, may be made after answer is served and after a bill of particulars has been served by the plaintiff, and, indeed, it may be made at any time up to the time of the trial.

The complaint in this action originally stated a good cause of action by alleging a "valuable consideration," for that allegation is one of fact, but the court had the right on a motion for judgment on the pleadings to take into consideration as a part of the pleadings the bill of particulars served by the plaintiff, and since the answer raises the issue of consideration, and since the bill of particulars shows that the plaintiff cannot possibly prove a valid consideration, the motion by the defendant for judgment on the pleadings should have been granted.

APPEAL by the defendant, John H. Gregory, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 17th day of November, 1926, denying defendant's motion for judgment on the pleadings.

*Bowman & Van Schaick* [*George S. Van Schaick* of counsel], for the appellant.

*Bailey, Oot & Ryan* [*H. D. Bailey* of counsel], for the respondent.

TAYLOR, J. The complaint in this action states that the defendant, "for a valuable consideration," promised to pay plaintiff $5,000 upon the happening of a certain event. The defendant answered, denying all material allegations of the complaint. Then, upon demand, a bill of particulars was served by plaintiff. A motion was made by defendant for judgment on the pleadings and denied, resulting in this appeal.

The motion was made under rule 112 of the Rules of Civil Practice, and was timely. It challenges the complaint as not stating facts sufficient to constitute a cause of action, and might have been made as late as at time of trial. (Civ. Prac. Act, § 279.) Rule 106 of the Rules of Civil Practice has no application. (*Koppel Ind. C. & E. Co. v. Portalis & Co.*, 205 App. Div. 144; *Klippel v. Weil*, 204 id. 323.)

The complaint originally stated a good cause of action, the allegation " for a valuable consideration " being one of fact. (*California Packing Corp.* v. *Kelly S. & D. Co.*, 228 N. Y. 52.) But the bill of particulars so amplified and explained the quoted phrase in the complaint as to make it clear that, if the bill be regarded as a part of the complaint, no cause of action could be proved.

It is the rule in this State that, under facts and circumstances such as are here presented, a bill of particulars not only limits plaintiff's proof at the trial (*Pease Piano Co.* v. *Taylor*, 197 App. Div. 468; affd., 232 N. Y. 504), but supplements and explains the complaint, and should be considered on a motion for judgment on the pleadings, and given full force and effect, to the same extent as on a motion for judgment at the trial. (*Dineen* v. *May*, 149 App. Div. 469; *Porter* v. *L. V. R. R. Co.*, 194 id. 139; *Wilson & Co., Inc.*, v. *Hartford Fire Ins. Co.*, 190 id. 506; affd., 229 N. Y. 612; *Maxherman Co.* v. *Alper*, 210 App. Div. 389.)

The opinion in *Harmon* v. *Peats Co.* (243 N. Y. 473) does not change this general rule nor require an affirmance of the order appealed from. That opinion holds that a plaintiff's bill of particulars, furnished after answer served, which fully discloses a state of facts (not pleaded *in extenso* in the complaint) such that the Statute of Frauds or the Statute of Limitations, if pleaded, might have been good defenses, does not render the complaint bad on a motion for judgment on the pleadings, when those statutes are not set up in the answer. In that particular case the complaint, as amplified by the bill of particulars, still stated a good cause of action as against a general denial; the statutes mentioned, not having been pleaded in defense, were waived (Civ. Prac. Act, § 242); and under such circumstances it was held that the bill of particulars did not make the good complaint bad, and did not improve the answer by adding to it in effect the statutory defenses omitted and waived. In the instant case, the answer, likewise served before the bill of particulars, raised the issue of consideration; and the bill of particulars not only illuminates the complaint, but limits the proof of consideration so effectually that plaintiff cannot'prove a cause of action, with the original answer in force. The complaint as served was technically sound; but the specifications as to consideration, furnished in the bill of particulars, make manifest the original and continuing weakness of plaintiff's claim as controverted; and without either altering the scope of the answer or adding material allegations to the complaint, those specifications show the futility of plaintiff's proceeding further under these pleadings.

We do not find any legal consideration for the appellant's

promise, which is provable under the complaint as explained in detail in the bill of particulars. For that reason, the order appealed from should be reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. Respondent, upon payment of costs, may serve an amended complaint within twenty days after service of a copy of the order drawn pursuant to this opinion.

All concur. Present — HUBBS, P. J., CLARK, CROUCH, TAYLOR and SAWYER, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to plead over within twenty days, upon payment of the costs of the motion and of this appeal.