## WEAGANT v. BOWERS, Collector of Internal Revenue.

Circuit Court of Appeals, Second Circuit. February 6, 1928.

No. 99.

**1. Pleading ☞34(1)—Complaint must be read with bill of particulars.**

Complaint must be read with bill of particulars filed by plaintiff, and treated as including the latter.

**2. Internal revenue ☞38(11)—Taxpayer's complaint, amplified by bill of particulars, held at best self-contradictory, and at worst showed that alleged gifts were compensation for services, taxable as income.**

In action to recover income taxes paid under protest, complaint alleging that payments of one-third of profits received by plaintiff's employer from sale of certain patents, based on plaintiff's discoveries, which were assigned to employer, were bestowed on plaintiff and accepted as gifts, and referring to contract in which employer promised to make payments, when read with bill of particulars, setting forth agreement, which contained an assignment by plaintiff of existing inventions and improvements, and promise by employer to pay one-third of net receipts from sale of patents, *held*

at best self-contradictory, and at worst showed that alleged gifts were compensation for services, and therefore taxable as income, and plaintiff will be permitted to file an amended complaint.

In Error to the District Court of the United States for the Southern District of New York.

Action by Roy A. Weagant to recover income taxes from Frank K. Bowers, as Collector of Internal Revenue, which were paid under protest and alleged to have been illegally exacted. Judgment dismissing the complaint, and awarding costs to the defendant, and plaintiff brings error. Judgment reversed, and order for judgment modified.

This case comes up on the complaint, amplified by a bill of particulars filed by the plaintiff. There were two causes of action set forth, identical in effect, except that the first one related to income taxes paid for the year 1917 and the second one to such taxes paid for the year 1919. The complaint alleged that the plaintiff was in the employ of the Marconi Wireless Telegraph Company under a contract dated February 5, 1914, up to its termination on January 1, 1920, by the terms of which any invention or discovery or improvements made by the plaintiff during the term of his employment in connection with, or in any way bearing upon, the business or investigation of the company, became its property at the time of such discovery or invention, or the making of such improvements; that during the year 1917 plaintiff made certain improvements in the method of and application for preventing static interference in the wireless telegraph and telephone field, and also in the process of and apparatus for receiving radio signals, for which he applied for United States patents, No. 157,594 and No. 181,458, under date of March 27, 1917, and July 19, 1917, respectively; that upon the making of said discoveries and inventions, and upon the making of any improvements thereon during the term of his employment, the Marconi Company became the owner of the whole right, title, and interest therein, including all letters patent and applications for letters patent in respect thereto, both foreign and domestic; that by an instrument dated October 3, 1917, the Marconi Company "promised to give to the * * * plaintiff one-third of the net receipts or profits which it might thereafter obtain from the sale of any patents or applications for patents granted in foreign countries on said inventions or discoveries; that on November 21, 1917, the Marconi * * * Company * * * conveyed to the Pan-American Wireless Telegraph &

Telephone Company rights under the patents for said inventions and discoveries for use in South America; that one-third of the sum received by the said Marconi Company therefor, or the sum of .$50,000, was voluntarily, gratuitously, and without consideration given by the said Marconi Company to the plaintiff as follows: $33,333.33 in the year 1917, and $16,666.66 in the year 1919; that the said sum of $50,000 was not deducted by the said company from its gross income in its income and profits tax returns for the calendar years 1917 or 1919, nor was the sum entered on the books of the said company as an expense; that the said sum was bestowed upon the plaintiff by the Marconi * * * Company * * * and accepted by the plaintiff as a gift, and the said parties intended it so to be; that said payments by the * * * Marconi Company to the plaintiff were not compensation for services rendered or to be rendered by him, nor were they payments for any property or rights to property sold or offered for sale by the plaintiff to the * * * Marconi Company; that on the 2d day of January, 1920, the employment of the plaintiff by the Marconi * * * Company of America was terminated; that the said company had no right, title, interest, or claim whatsoever to or in any discovery or invention or any improvements made thereon by the said plaintiff after the said 2d day of January 1920; that the plaintiff, from the 2d day of January, 1920, the date of the termination of his employment, to the present date, has made no improvements whatsoever on the said inventions or discoveries covered by applications for letters patent Nos. 157,594 and 181,458, referred to. * * * "

The Commissioner of Internal Revenue included the sum of $33,333.33 in the plaintiff's assessment for income tax for the year 1917, and $16,666.66 in the assessment for income tax for the year 1919. Taxes based upon these assessments were paid under protest, and the plaintiff brought this action to recover taxes paid upon such amounts, with interest.

The plaintiff set forth in a bill of particulars the entire instrument of October 3, 1917, which had been referred to in the complaint in the manner above mentioned. Neither the instrument of February 5, 1914, nor the one of October 3, 1917, purported to employ the plaintiff for any definite time, or to require him to remain with the Marconi Company, or to work for them, or to make for them any inventions or improvements. The writing of October 3, 1917, was in the following form:

"Agreement made and entered into this 3d day of October, 1917, between Marconi Wireless Telegraph Company of America (hereinafter called the Company), a corporation organized and existing under and by virtue of the laws of the state of New Jersey, and Roy Alexander Weagant (hereinafter called Weagant), a citizen of the United States residing in the town of Roselle, in the state of New Jersey:

"Whereas, the said Weagant has invented certain new and useful improvements in method of and apparatus for preventing static interference, for which he has applied for United States letters patent, filed March 27, 1917, serial No. 157,594, and also certain improvements in process of and apparatus for receiving radio signals, as described in application for United States letters patent, serial No. 181,458, filed July 19, 1917; and

"Whereas, the said Weagant has already assigned, transferred, and set over the whole right, title, and interest in and to the said applications for letters patent by instruments in writing dating, respectively, April 3, 1917, and July 17, 1917, to the company; and

"Whereas, the said company is desirous of acquiring from the said Weagant the whole right, title, and interest in and to the said inventions for all countries foreign to the United States, and in and to all inventions which the said Weagant has made (or may hereafter make as improvements upon the same) in all countries foreign to the United States:

"Now, therefore, this indenture witnesseth that, for and in consideration of one dollar ($1.00) paid by the said company to the said Weagant, the receipt of which is hereby acknowledged, and other good and valuable considerations, the said Weagant hereby sells, assigns, transfers, and sets over to the said company the whole right, title, and interest in the said inventions, and in and to all improvements which he has now made or which he may hereafter make on the same, and in and to all letters patent in all countries foreign to the United States for said inventions or any improvements thereon.

"The said Weagant covenants and agrees that he will, without further compensation, sign all papers, take all rightful oaths, and do all necessary acts to apply for said letters patent in all countries foreign to the United States, to cover said inventions and any and all improvements thereon, which the company may select; it being understood and agreed that all the fees and necessary expenses incident to the filing of any applications for foreign letters patent shall be borne and paid for by the company.

"The company agrees that it will pay to the said Weagant one-third (33⅓ per cent.) of the net receipts or profits which the company may hereafter obtain from the sale of any patents or application for patents or patents granted in countries foreign to the United States for said inventions or any improvements thereon made by the said Weagant; it being understood and agreed that the company is not obligated to make any payments to the said Weagant in the event the said inventions or any improvements thereon are put into use at stations in countries foreign to the United States, but communicating with stations in the United States, owned, controlled, or operated by the company.

"In witness whereof, the parties have hereunto set their hands and affixed their seals the day and year first above written. Marconi Wireless Telegraph Co. of America, "by [Signed] Edward J. Nally, Vice President. [Signed] Roy Alexander Weagant. [L. S.]"

The defendant moved upon the pleadings and the bill of particulars to dismiss the complaint, on the ground that it failed to state a cause of action, and the District Court granted the motion.

Adrian C. Humphreys and Marion W. Ripy, both of New York City, and Robert N. Anderson, of Washington, D. C., for plaintiff in error.

Charles H. Tuttle, U. S. Atty., of New York City (Frank Chambers, Asst. U. S. Atty., of New York City, of counsel), for defendant in error.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above). In spite of the allegations of the complaint that the payments to the plaintiff were bestowed and accepted as gifts, there is a reference in the pleading to the instrument of October 3, 1917, and it is distinctly alleged that by that instrument the Marconi Company "promised to give to the * * * plaintiff one-third of the net receipts or profits which it might thereafter obtain from the sale of any patents or applications for patents granted in foreign countries on said inventions or discoveries."

[1] The writing of October 3, 1917, is, therefore, apparently a basis for the payments, and when examined is found to contain on the part of the plaintiff an assignment, not

only of existing inventions, but of all improvements made "or which he may hereafter make· on the same," and on the part of the Marconi Company a promise to pay Weagant one-third of its net receipts from certain of his patents. Can it be said that the two writings of February 5, 1914, and October 3, 1917, the first of which is referred to in the complaint as the contract under which plaintiff worked, and the second of which is referred to as the basis of the payment to him of profits derived by the Marconi Company from his inventions, do not embody the agreement of the parties? If they do, there was no gift, but there were taxable earnings. The plaintiff has relied on the instrument of October 3, 1917, in stating his causes of action. Since the bill of particulars was filed, the complaint must be read with the bill of particulars and treated as including the latter. Richardson v. Gregory, 219 App. Div: 211, 219 N. Y. S. 397, affirmed in 245 N. Y. 540, 157 N. E. 849.

In such a situation the plaintiff must avoid the instrument of October 3, 1917, as a binding contract. He might in his complaint have showed that the instrument was not the final memorial of the understanding of the parties, as, for example, that it was thereafter modified or rescinded or legally superseded. To do this he should have set out the particular facts.

The instrument of February 5, 1914, contains no statement of any term of employment and embodies no mutual promises, yet the pleading which denominates it a contract speaks of it as terminated on January 1, 1920. Was there some other contract which fixed the term of employment until January 1, 1920? If there was, there would be no consideration for the instrument of October 3, 1917, unless the promise therein to assign improvements which plaintiff "may hereafter make" covered those made after cessation of the term of employment, for the plaintiff would already be bound by the writing of February 5, 1914, to turn over to the Marconi Company all inventions while he was employed by the latter.

[2] The complaint, when read with the bill of particulars, becomes at best self-contradictory. At worst, its general allegations that the payments to plaintiff were gifts is explained away by the more specific terms of the writing of October 3, 1917, and the sums which were paid are thereby shown to have been turned over as compensation for services, and as such to have been lawfully taxed. Thus the complaint fails to state a cause of action, either because it is self-contradictory and inconclusive, or because it shows that the sums paid represented taxable income.

Yet, in view of the allegations that the payments were bestowed and accepted as gifts, and that both parties to the transactions intended them as such, we think the plaintiff should have another chance to reframe his pleading. He may accordingly allege and prove, if he properly can, that the instrument of October 3, 1917, did not embody the final agreement of the parties under which the payments in question were made. Furthermore, if he alleges that the employment ending January 1, 1920, was had under an agreement that he should work for that term, he may also allege and prove that in the assignment, in the writing of October 3, 1917, of all "improvements" which the plaintiff might "hereafter make," the word "hereafter" (the meaning of which may not be clear in all circumstances) related only to improvements made prior to the termination of his employment. For, if such were the fact, there would apparently be no consideration for the writing of October 3, 1917, and a reasonable ground would exist for the contention that the payments were gifts.

The judgment is reversed, but the order for judgment is affirmed as to the portion dismissing the amended complaint, but modified, so as to permit the plaintiff to file a further amended complaint in conformity with the views set forth in this opinion.